## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| **PAULA PIERSON** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **Case No.** | 07-CV-2588 CM/DJW |
| | ) | | |
| **K.W. BROCK DIRECTORIES, INC. d/b/a** | ) | | |
| **NAMES AND NUMBERS** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

### PLAINTIFF'S COMPLAINT

Plaintiff Paula Pierson ("plaintiff"), for her Complaint against defendant K.W. Brock Directories, Inc. d/b/a Names and Numbers ("defendant"), as a result of defendant's unlawful employment practices alleges and states as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4), as well as 42 U.S.C. § 2000e-5(f).

2.     The Court has jurisdiction over defendant because the unlawful employment practices alleged in this Complaint were committed in Crawford County, Kansas, which lies within the District of Kansas.  In addition, defendant has minimum contacts with the District of Kansas and the State of Kansas.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Crawford County, Kansas, which lies within the District of Kansas.

## Parties

4.      Plaintiff is a female citizen of the United States, residing in the State of Kansas.

5.      Defendant is a corporation formed under the laws of Kansas.  At all relevant times defendant was authorized to conduct business in the State of Kansas and was doing business in the State of Kansas.  Defendant is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

6.      Upon information and belief, defendant currently employs, and during all relevant times has employed, 201 or more persons.

7.      Defendant conducts and/or maintains, and/or during all relevant times conducted and/or maintained, a place of business at 1225 E. Centennial, Pittsburg, Crawford County, Kansas.

8.      Defendant employed plaintiff from approximately June 2004 until approximately July 17, 2007.

## Exhaustion of Administrative Remedies

9.      On or about July 27, 2007, plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against defendant on the basis of sex (sexual harassment) (attached as Exhibit A and incorporated herein by reference).

10.      On or about October 4, 2007 the EEOC issued to plaintiff her Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference), and this lawsuit was filed within 90 days of the EEOC mailing the Notice of Right to Sue.

11.      The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of

this judicial complaint may be and is as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

12.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## COUNT I
### (Violation under Title VII of the Civil Rights Act -- Sexual Harassment – Hostile Work Environment)

13.    Paragraphs 1 through 12 above are incorporated herein by reference.

14.    Plaintiff is a female.

15.    Plaintiff became employed by defendant in approximately June 2004.

16.    Plaintiff satisfactorily performed her job duties during her employment with defendant.

17.    During the course of plaintiff's employment with defendant, plaintiff was subjected to severe and unwelcome conduct of a sexual nature because of plaintiff's sex.

18.    The sexually offensive conduct was unwelcome to plaintiff and she objected to and complained about that conduct, but the sexually offensive conduct continued.

19.    The sexually offensive conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive.

20.    At the time the sexually offensive conduct occurred and as a result of that conduct, plaintiff believed her work environment to be hostile and abusive.

21.    The conduct adversely affected the terms, conditions and/or privileges of plaintiff's employment with defendant and affected plaintiff's ability to perform her job duties.

22.     Plaintiff complained to defendant's management personnel about the sexually offensive conduct, but defendant failed to take prompt and appropriate corrective action to end the harassment of plaintiff.  As a result, plaintiff had no choice but to terminate her employment.

23.     Defendant knew or should have known of  the sexually harassing conduct,  but failed to take prompt and appropriate corrective action to end  his sexually harassing conduct.

24.     Defendant failed to exercise reasonable care to prevent and correct promptly the sexually offensive conduct to which plaintiff was subjected.

25.     As shown by the foregoing, plaintiff suffered intentional discrimination at the hands of defendant and defendant's employees during the course of her employment with defendant, based on her gender, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

26.     As a direct and proximate result of defendant's actions and/or inactions, plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

27.     As a further direct and proximate result of defendant's actions and/or inactions, plaintiff has suffered humiliation, embarrassment, emotional pain, suffering, inconvenience, mental anguish, and related compensatory damages.

28.     Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sexual harassment.

29.     Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

30.     Defendant's managers responsible for setting or enforcing policy in the area of discrimination were aware of plaintiff's complaints of harassment, but failed to properly respond to those complaints.

31. By failing to take prompt and effective remedial action, defendant in effect condoned, ratified and/or authorized the harassment of plaintiff.

32. As shown by the foregoing, defendant engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish defendant or to deter it and other companies from like conduct in the future.

33. Plaintiff is entitled to recover from defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## Jury Demand

Plaintiff hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint.

## Place of Trial

Pursuant to D. Kan. Rule 40.2, plaintiff requests that trial be held in Kansas City, Kansas.

Respectfully submitted,

**DAVIS KETCHMARK & McCREIGHT, P.C.**

By      /s/ Scott A. McCreight
         Michael S. Ketchmark - #70217
         Scott A. McCreight - #14103
         Brad K. Kavanaugh - #77914

2345 Grand Boulevard, Suite 2110
Kansas City, Missouri 64108
Telephone:      816/842-1515
Facsimile:       816/842-4129
Email:           mike@dkelaw.com
Email:           smccreight@dkelaw.com
Email:           bkavanaugh@dkelaw.com

**Attorneys for Plaintiff**