# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAULA PIERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**K.W. BROCK DIRECTORIES, INC.,** )<br>)<br>**Defendant.** )<br>_____) | **No. 07-2588-CM** |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, Paula Pierson, brings this sexual harassment suit against defendant, K.W. Brock Directories, Inc.  The case is before the court on defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) for Lack of Subject Matter Jurisdiction (Doc. 7).  Because plaintiff did not exhaust her administrative remedies, the court grants the motion.

## I.     Background

Plaintiff is a former employee of defendant.  Plaintiff alleges that during her employment, she was subjected to a hostile work environment based on her sex.  On July 27, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  On the submitted form, plaintiff responded to the prompt for "the particulars" with: "I was sexually harassed at work.  I complained to management about it and finally felt forced to quit.  This is a violation of the law.  I wish to cooperate fully with the EEOC investigation.  I will provide any additional information needed."  (Doc. 9, Ex. 1).

On July 31, 2007, the EEOC sent defendant a "Notice of Charge of Discrimination."  Defendant responded to this notice on August 21, 2007.  In its response, defendant stated, "At no

time was a sexual harassment claim filed by [plaintiff]. . . .  [Plaintiff] left our company voluntarily and she was in no way 'forced to quit.'"  (Doc. 9, Ex. 3).

Incorporating defendant's response, the EEOC sent plaintiff a letter on September 7, 2007. This letter informed plaintiff:

> [Defendant] has denied the allegations . . . and contends that at no time did she ever complain of being sexually harassed while in their employ. [Defendant] has provided as evidence a copy of [plaintiff's] letter of resignation, exit interview, and farewell memo to all her co-workers where she indicates that she is leaving to spend more time with her kids and go back to school.  In her exit interview her only complaint was that she wished management would listen to input from employees doing the work and that management doesn't back up its people like they should.  What she liked most about the job was the people she worked with.  This is not an indication that she was being sexually harassed or constructively discharged.  If [plaintiff] wishes to refute [defendant's] position[,] please do so.

(Doc. 9, Ex. 4).  Six days later, plaintiff, through counsel, responded by stating, "We are requesting a Notice of Right to Sue . . . at this time we will not be offering a response to [defendant's] position."  (Doc. 9, Ex 5).  The EEOC closed its file—noting that it was "unable to conclude that the information obtained establishes violations of the statutes[; n]o finding is made as to any other issues that might be construed as having been raised by this charge"— and issued plaintiff a "right to sue" letter on October 4, 2007.  (Doc. 9, Ex. 7).  Plaintiff filed her complaint on December 18, 2007.

Presently, defendant argues that plaintiff failed to exhaust her administrative remedies. Defendant contends that plaintiff's charge of discrimination lacked the sufficient factual basis needed to allow the EEOC to investigate her claims or to give defendant fair notice.  Defendant highlights the short and conclusory statement that omits the "name of any alleged harasser or the dates on which any alleged harassment occurred" and notes that although the charge alleges a "continuing action," plaintiff had already resigned at the time of filing.  Additionally, defendant

-2-

contends that plaintiff's refusal to provide additional information deprived defendant of sufficient notice of plaintiff's claims.

Plaintiff responds that she exhausted her administrative remedies and that defendant had sufficient notice of her claims. Plaintiff contends that "[b]efore [she] left defendant's employment she had specifically complained to defendant's managers, including the company's Human Resources Director, about the sexual harassment she was subjected to by [a coworker], giving specific examples." (Doc. 9, at 2, 9). For this statement, plaintiff cites her Notice of Charge of Discrimination. Moreover, plaintiff asserts that she was under no obligation to provide additional details in her charge of discrimination. Plaintiff contends that she did not provide additional information to the EEOC investigator because he "appeared to have already made up his mind." *Id.* at 3. Plaintiff emphasizes that the EEOC had the ability to dismiss her claim based on a refusal to cooperate or without making any determinations on the merits, but did not do so in this case. Lastly, plaintiff contends that defendant frustrated the EEOC's attempts to investigate and conciliate her claims by declining to participate in the EEOC's mediation program and instead filing a position statement responding to the claims.

Defendant replies that it did not learn of any details related to plaintiff's allegations of harassment until it read plaintiff's response brief. Defendant denies that plaintiff submitted any sexual harassment complaints. After the court conditionally allowed plaintiff to file a surreply, plaintiff disputes the affidavits submitted by defendant that state that neither the Human Resources Director nor the Manager of Support Services received any sexual harassment complaints from plaintiff. Plaintiff submits her own affidavit that states the other affidavits "are not true" and that she did complain to these persons about sexual harassment. (Doc. 14, Ex. 1). Plaintiff concludes that because the issue of whether plaintiff submitted complaints to defendant "is intertwined with

the merits of the case, this conflicting evidence cannot be resolved by means of a motion to

dismiss." (Doc. 14, at 2).

## II.    Judgment Standards

Defendant moves for this court to dismiss plaintiff's complaint under Fed. R. Civ. P.

12(b)(1).  Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when

authorized.  *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24,

2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)).  Under Fed. R. Civ. P.

12(b)(1), this court may dismiss a claim for lack of subject matter jurisdiction.  This court lacks

subject matter jurisdiction over Title VII claims that have not been administratively exhausted.  *See*

*Alcivar v. Wynne*, No. 06-1269, 2008 WL 647504, at *3 (10th Cir. Mar. 10, 2008) ("The Tenth

Circuit has consistently held that 'exhaustion . . . is a jurisdictional prerequisite to suit under Title

VII. . . .'").  Because plaintiff bears the burden of proving that this court may exercise jurisdiction

over her claims, plaintiff bears the burden of proving that she administratively exhausted her

claims.  *See Apsley v. Boeing Co.*, 05-1368-MLB, 2007 WL 3231526, at *9 (D. Kan. Oct. 30, 2007)

(citing *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002)).

To show that she exhausted administrative remedies under Title VII, plaintiff must show

that plaintiff filed an administrative charge with the EEOC.  The purpose of this prerequisite is to

ensure that employers have notice of the charges and to provide employers with an opportunity to

voluntarily alter any illegal behavior.  *See Aguirre v. McCaw RCC Commc'ns, Inc.*, 923 F. Supp.

1431, 1433 (D. Kan. 1996).  An additional purpose of the exhaustion requirement is "to give the

EEOC an opportunity to conciliate the claim."  *Zander v. Shawnee County, Kan.*, 00-2269-GTV,

2002 WL 1067839, at *2 (D. Kan. May 13, 2002) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625

(10th Cir. 1994)).  For plaintiff to have filed an adequate administrative charge with the EEOC, she

-4-

must have submitted a form that satisfies the "charge 'content' regulations promulgated by the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007).  These regulations require "'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id. (quoting* 29 C.F.R. § 1601.12(b)).

Here, defendant argues that plaintiff's charge of discrimination fails to meet the EEOC regulation requirements.  Plaintiff responds that her charge of discrimination identifies the parties and generally describes the actions at issue by stating, "I was sexually harassed at work.  I complained to management about it and finally felt forced to quit."  The court disagrees.  Plaintiff's submitted statement contains a conclusory sentence and describes plaintiff's actions.  It does not contain any description of "the action or practices complained of."

Plaintiff's submitted statement in its entirety omits any description of the actions at issue. Plaintiff's submission stated: "I was sexually harassed at work.  I complained to management about it and finally felt forced to quit.  This is a violation of the law.  I wish to cooperate fully with the EEOC investigation.  I will provide any additional information needed."  Although plaintiff expressed her intent to assist the EEOC investigation and offer additional information, plaintiff has not offered to the court any evidence that she submitted any additional information or descriptions to the EEOC.  Instead, after being informed by the EEOC investigator that defendant denied that plaintiff complained to management, plaintiff declined to offer any response.  Without providing any additional information or descriptions of the actions at issue, the EEOC was unable to investigate effectively or to conciliate plaintiff's claims.  The court finds that plaintiff did not exhaust her administrative remedies.

Plaintiff makes three arguments that challenge, but do not change, this conclusion.  First, plaintiff argues that the statement in her charge of discrimination contains "significantly more detail

-5-

than was presented in a charge recently approved by this Court in *Baker v. Via Christi Regional Med[.] [Ctr.]*, 491 F. Supp. 2d 1040 (D. Kan. 2007)." Plaintiff compares her submitted statement to the submission of the plaintiff in *Baker*, which did not check a box for discrimination based on sex and stated "I made complaints of sexual harassment and during the course of investigating these matters the employer's Human Resources Representative displayed very intimidating behavior toward me in retaliation for my complaints . . ." *Baker*, 491 F. Supp. 2d at 1048. Although Judge Vratil found that the plaintiff exhausted his administrative remedies, the present facts and the facts of *Baker* are distinguishable.

In *Baker*, the human resources department investigated several incidents involving the plaintiff. *Id.* at 1045–47. Moreover, the plaintiff in *Baker* also charged discriminatory retaliation and provided details of a specific letter related to that charge. *Id.* at 1048. This additional complaint was central to the *Baker* court finding that the plaintiff exhausted administrative remedies. *Id.* at 1050 ("[plaintiff] wrote that he 'made complaints of sexual harassment' and that he believed that defendant retaliated against him for those complaints. This is sufficient to constitute a charge of sexual harassment." The *Baker* court then cited *Jones v. Denver Post Corp.*, 203 F.3d 748, 755 (10th Cir. 2000), for the statement "recognizing limited exception to Title VII exhaustion rule when unexhausted claim is for discrimination like or reasonably related to allegations of the EEOC charge." *Id.*

Here, during the limited EEOC investigation, defendant denied that plaintiff made any complaints. Plaintiff chose not to provide any additional information or substantive response to defendant's denial. Moreover, plaintiff's charge does not contain more detail about a related allegation. Thus, the logic of *Baker*, which cited a 'limited exception' to the exhaustion requirement, is not presently applicable.

Second, plaintiff argues that she cooperated with the EEOC's investigation.  Plaintiff cites that the EEOC declined to indicate that plaintiff failed to cooperate.  Additionally, plaintiff explains that she decided not to provide additional information to the EEOC investigator because he "appeared to have already made up his mind."  Plaintiff's argument that she cooperated with the investigation does not offer any evidence that she provided the required description of the actions at issue in her charge of discrimination, or later in the investigation.  Plaintiff's interpretation of the investigator's statement—"This is not an indication that she was being sexually harassed or constructively discharged.  If [plaintiff] wishes to refute [defendant's] position[,] please do so"—is unreasonable.  The statement does not indicate that he had reached a conclusion.  Because plaintiff's charge of discrimination only alluded to her complaints to management, the investigator's statement is understandable after defendant denied that plaintiff made any complaints.

Third, plaintiff argues that the EEOC had a full opportunity to investigate her claims.  As part of this argument, plaintiff claims that defendant's choice to submit a position statement instead of participating in the EEOC's mediation process frustrated the investigation.  Plaintiff concludes her argument by asserting, "Before plaintiff left defendant's employment she specifically complained to defendant's mangers, including the company's Human Resources Director, about the sexual harassment she was subjected to, named the person who was harassing her, and gave specific examples of the harassment."  For this assertion, plaintiff cites only her charge of discrimination form.

This argument fails for two reasons.  First, the court does not consider defendant's submission of a position statement, as directed by the EEOC, to be evidence that plaintiff provided the required details of the actions at issue in her charge form.  Second, as discussed earlier, the

charge submission form does not contain the details in plaintiff's assertion.

Lastly, the court addresses plaintiff's surreply.  In granting plaintiff's motion to file this document, the court noted that its ruling "should not be considered a determinative ruling on whether the arguments raised in the suggestions are properly before the court." (Doc. 13).  The court continued, "When the court considers defendant's motion to dismiss, it will disregard any arguments in the supplemental suggestions that are not pr[o]perly before the court."  Plaintiff's surreply disputes the affidavits submitted by defendant of the Human Resources Director and the Manager of Support Services and references plaintiff's affidavit.  Plaintiff's affidavit states that she complained to these individuals and named the specific individual harassing her and provided examples and a copy of a note from the harassing individual.

Assuming that plaintiff's surreply is properly before the court, plaintiff's additional filing and affidavit are not sufficient to meet her burden to show that she exhausted her administrative remedies.  The affidavit only disputes whether she made complaints to management; it does not indicate that she included any additional details in her charge of discrimination or provided any additional information or evidence to the EEOC investigator.

Because the court finds that plaintiff failed to meet her burden to prove that she exhausted her administrative remedies, the court lacks subject matter jurisdiction over plaintiff's claims. Without subject matter jurisdiction, the court must grant defendant's motion to dismiss (Doc. 7).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(B)(1) for Lack of Subject Matter Jurisdiction (Doc. 7) is granted.

Dated this 7th day of July, 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**